IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
Western Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.  3:21CR009 |
| | ) | |
| v. | ) | Judge Walter H. Rice |
| | ) | |
| IZAAK KEMP, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, through its attorneys, Vipal J. Patel, Acting United States

Attorney, and Dominick S. Gerace, Assistant United States Attorney, hereby submits its

sentencing memorandum with respect to Defendant Izaak Kemp.  Based on the factors of 18

U.S.C. § 3553(a), the United States submits that a sentence of imprisonment of one year and one

day is sufficient, but not greater than necessary, to achieve the objectives of sentencing.

## BACKGROUND

Between July 2016 and May 2019, Kemp was employed as a contractor at the Air Force

Research Laboratory (AFRL) and the U.S. Air Force National Air and Space Intelligence Center

(NASIC) at Wright-Patterson Air Force Base (WPAFB) in Fairborn, Ohio.   Presentence

Investigation Report (PSR) ¶ 14.  Kemp maintained a Top Secret security clearance as a result of

his job duties at both AFRL and NASIC, and had access to classified information.  *Id*.  At

various times during his employment, Kemp received training on the proper handling of

classified documents and materials, and understood the possible adverse effects on national

security that could result from the unauthorized disclosure of classified information.  *Id.* ¶ 15.

On May 25, 2019, the Fairborn Police Department (FPD) executed a state search warrant

at Kemp's residence.  *Id*. ¶ 18.  FPD had received information that Kemp maintained a marijuana

grow operation at the residence and had conducted a search of discarded trash from the

residence.  The trash search yielded, among other things, plant material (that later tested positive

for marijuana), a digital scale, and empty "King Palm" wrappers.  *Id*. ¶ 17.  Upon executing the

search warrant at the residence, law enforcement located a marijuana grow operation maintained

by Kemp, along with over 2,500 pages of classified documents, some of which were marked at

the SECRET level.[1]  *Id*. ¶ 18.  The documents belonged to both AFRL and NASIC and were

clearly marked as being classified.  *Id*. ¶ 16, 18.

Kemp removed the documents from AFRL and NASIC on occasions between January

2018 and May 2019.  *Id*. ¶ 16.  In a voluntary interview conducted during execution of the search

warrant, he admitted to printing the classified materials and bringing them home.  *Id*.  Kemp was

not authorized by the U.S. Air Force to remove the classified materials and retain them at his

residence, and Kemp knew that he was not so authorized.  *Id*. ¶¶ 16, 18.

On February 25, 2021, Kemp pleaded guilty to a one-count information charging him

with the Unauthorized Removal and Retention of Classified Documents or Materials, in violation

of 18 U.S.C. § 1924(a).

## ARGUMENT

Based on the factors of 18 U.S.C. § 3553(a), the United States recommends that the Court

sentence Kemp to one year and one day in prison.  Such a sentence is sufficient, but not greater

than necessary, to achieve the objectives of sentencing, including promoting respect for the law,

---

[1] Pursuant to Executive Order 13526 § 1.2(a), information may be classified by the United States Government at the SECRET level if the unauthorized disclosure of such information "reasonably could be expected to cause serious damage to the national security."

reflecting the seriousness of the offense, and affording adequate deterrence of similar conduct by others.

A.      Nature and Circumstances of the Offense and History and Characteristics of Defendant

The nature and circumstances of the offense and the history and characteristics of Kemp warrant a significant sentence of incarceration.  It is beyond dispute that Kemp committed an extremely serious crime.[2]  As a contractor with the U.S. Air Force and the holder of a Top Secret security clearance, Kemp worked in a subject area that involved significant and highly-sensitive classified information vital to the protection of the national defense.  The government entrusted Kemp with access to that classified information and he violated that trust by knowingly removing the materials from his workplace and storing them in his residence. Kemp's actions risked the disclosure of highly sensitive government programs to adversaries and an untold amount of damage to national security.

This is not a case, moreover, involving the inadvertent or careless removal of a few documents.  Kemp took over 100 clearly-marked documents home consisting of 2,500 pages. And the manner in which law enforcement discovered the documents in Kemp's home provides a further aggravating circumstance.  Not only did Kemp store thousands of pages of classified information in an unsecure manner, but he did this while maintaining a significant marijuana grow operation in the same location.  That marijuana grow operation—and the heightened risks of robbery and other criminal activity attendant to any drug manufacturing and distribution operation—greatly increased the chances that the classified information would fall into the

---

[2] Indeed, in 2018, Congress amended Kemp's offense of conviction, 18 U.S.C. § 1924, to make it a felony offense, thereby signaling its acknowledgment of the serious nature of the prohibited conduct.  *See* P.L. 115-118, Title II, § 202, Jan. 19, 2018.

wrong hands.  Kemp's actions accordingly demonstrated a flippant disregard of his duties to

protect classified information, as well as a disregard for the laws governing classified

information and the manufacture and distribution of controlled substances.

Kemp's history and characteristics do not suggest that a sentence other than

imprisonment is warranted.  Unlike many defendants who appear before this Court, Kemp

appears to have had a relatively stable upbringing.  Aside from the instant offense and charges

in Greene County, Ohio, stemming from the marijuana located in his home, Kemp has no

criminal history.  PSR ¶¶ 27-29.  He is well-educated, having obtained a doctorate in electrical

engineering from the University of Dayton.  *Id*. ¶ 42.  Kemp's criminal conduct, then, does not

appear to be a product of environmental factors or his upbringing.  He made a considered

decision to break the law and store classified information in a manner that risked the

unauthorized disclosure of highly-sensitive government information, which reasonably could

have been expected to cause serious damage to the national security of the United States had it

fallen into the wrong hands.

For the foregoing reasons, the nature and circumstances of the offense and Kemp's

history and characteristics militate in favor of a sentence of imprisonment.

B.      Need to Reflect the Seriousness of the Offense, Promote Respect for the Law,
        Provide Just Punishment and Afford Adequate Deterrence

A sentence of one year and one day will reflect the seriousness of the offense, promote

respect for the law, provide just punishment, and afford adequate deterrence of criminal

conduct.  As discussed above, Kemp's conducted represented a serious risk of harm to national

security, and this Court's sentence should be designed to reflect that risk.  Further, Kemp's

actions demonstrated a lack of respect for the laws governing his handling of classified

information.  A sentence of one year and one day will promote respect for those laws.

Additionally, the need for general deterrence is readily apparent in this case.  In *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013), the Sixth Circuit recognized that the need for general deterrence is particularly strong in so-called "white collar" cases:  "Because economic and fraud-based crime are more rational, cool, and calculated than sudden crimes of passion or opportunity these crimes are prime candidates for general deterrence." (quotation marks omitted).  Here, while there may be little risk that Kemp himself will engage in a similar offense in the future, the Court should account for the general deterrence in fashioning its sentence.  A significant sentence of incarceration for Kemp will serve deter other military contractors and government personnel from engaging in the same conduct.  The importance of deterring such conduct, given the national security considerations at issue, cannot be overstated.

## CONCLUSION

For the reasons stated above, the United States submits that a sentence of imprisonment of one year and one day is just and warranted under § 3553(a).

Respectfully submitted,

VIPAL J. PATEL
Acting United States Attorney

By:   s/ Dominick S. Gerace
      DOMINICK S. GERACE (0082823)
      Assistant United States Attorney
      United States Attorney's Office
      200 W. 2nd Street, Suite 600
      Dayton, Ohio 45402
      Phone:  (937) 531-6848
      Fax:  (937) 225-2564
      dominick.s.gerace@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2021, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send a notification of such filing

(NEF) to the following:

Ronald P. Keller, Esq.
85 West Main Street
Xenia, Ohio 45385
Phone: (937) 372-6921
cox_keller@yahoo.com

Counsel for Defendant

s/ Dominick S. Gerace
DOMINICK S. GERACE (0082823)
Assistant United States Attorney
United States Attorney's Office
200 W. 2nd Street, Suite 600
Dayton, Ohio 45402
Phone:  (937) 531-6848
Fax:  (937) 225-2564
dominick.s.gerace@usdoj.gov
